**E-FILED**
Friday, 30 November, 2012  03:41:55 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| NORMA JEAN PETERSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CASE NO: 1:11-CV-1212 |
| v | ) | |
| | ) | |
| APOSTOLIC CHRISTIAN HOME | ) | |
| OF ROANOKE, INC., | ) | |
| | ) | |
| Defendant | ) | |

ORDER ON MOTION FOR SUMMARY JUDGMENT

Plaintiff, Norma Jean Peterson, ("Peterson") has filed a complaint against the Apostolic Christian Home of Roanoke, Inc., ("Home") alleging age discrimination and retaliation. The Home has moved for summary judgment, to which Peterson has responded. The matter is now fully briefed, and this Order follows.

**BACKGROUND**

The facts are not complex. Peterson was hired in 1997 as a housekeeper by the Home. Ellen Grafelman ("Grafelman") was, and continued during the course of her employment to be, her supervisor. When Peterson was hired, she discussed with Grafelman that she had a longstanding job monitoring children during the noon hour at Benson Junior High School in Benson, Illinois.

The typical housekeeper worked at the Home from 6:30 am to 3:00 pm, and the normal lunch break for housekeepers was from 11:30 am to noon. The Benson school lunch hour was the same.  In order to continue as a lunch monitor at the school, Peterson would have to leave the Home at 10:50 am and not arrive back to work  until approximately 12:10-12:15 pm.  An accommodation was made for Peterson that allowed her to keep her position with the school. Thus, Peterson was gone from the Home during her shift for approximately one hour and twenty minutes each day that school was in session. No other housekeeper had this arrangement.

It is not disputed that this arrangement worked until sometime in 2008. In the fall of 2008, to address issues of staffing and overall costs, the Home cut employees' hours by one hour across the board. Because Peterson had the accommodation of leaving for an extended period

during the lunch break, this cut affected her, as a percentage, more harshly than other employees. By taking the range of hours of employment, and applying it across the board to all employees, the effect was that Peterson was losing more time than other employees. As a result, Peterson filed an age discrimination charge with the Illinois Department of Human Rights.

Shortly after the filing, the Administrator of the Home, Mr. Richard Isaia ("Isaia"), sat down with Peterson to discuss her complaints. Isaia then went through the time cards, found that Peterson was in effect losing more time, and came up with a formula that concentrated on the number of hours as opposed to the schedule of hours. Peterson was satisfied and dismissed her discrimination complaint.

By February 2009, the number of residents at the Home had not increased and the issue of cutting expenses was again addressed. Grafelman and Isaia concluded that to reduce any more employee hours, it would be necessary for everyone to work standard hours. As a result, a letter dated 2/24/09 set forth a policy change making the 6:30-10:45, 12:10-2:00 position no longer available. Given that no other housekeeper had this accommodation, this policy effectively applied to one person, Peterson.  Peterson was offered the option of seven full hours per day uninterrupted for a 35 hour week or seven full hours uninterrupted per day for a 21 hour week. This, of course, would effectively alter Peterson's ability to continue her work at the school. She was given two weeks to decide. Peterson ultimately informed them that she would not accept the standard hours, and her employment was terminated.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986).  The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case."  Id. at 2553.  Any doubt as to the existence of a genuine issue for trial is resolved against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial.  Celotex Corp., 106 S.Ct. at 2553.  This Court must then determine whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party.  Anderson, 106 S.Ct. at 2511; Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995)

## ANALYSIS

Although the Complaint suggests that Peterson is asserting both discrimination and retaliation claims, on page 18 of her response, plaintiff states, "More importantly, this is not an age discrimination case, but a case alleging retaliation for assertion of an age discrimination charge." Whether the plaintiff sought, initially, to pursue age discrimination or whether this was never her intent, it no longer matters as plaintiff has made clear the underlying theory at this point.  Accordingly, this order addresses only the issue of retaliation

A plaintiff asserting a claim for retaliation for opposing or asserting an age discrimination charge must prove: (1) the employee engaged in protected activity, (2) she suffered an adverse employment action, and (3) there was a causal relationship between the protected activity and the employment action. Barton v Zimmer, Inc. 662 F.3d 448, 455-56 (7th Cir. 2011). As plaintiff states, the filing of an age discrimination charge is an activity expressly protected from retaliation. 29 U.S.C. 623 (d) (it shall be unlawful…to discriminate against an individual …because such an individual…has made a charge).

For purposes of the Motion for Summary Judgment, the Home does not dispute that Peterson can establish the first two elements. However, the Home argues that Peterson cannot establish the required causal relationship between the filing of the age discrimination charge with the Illinois Department of Human Resources and the Home's requirement that she work the same hours as other housekeepers.

The simple request to make all housekeepers work the same standard hours might seem, and might ultimately be, perfectly legal as well as logical.  However, for the purpose of summary judgment,  Peterson has testified in a deposition that, subsequent to the resolution of the complaint with the Department, Grafelman started to follow her around and continued to bring up the work hours and stated, on at least one occasion, "no matter what you say, you are not getting your way."  In addition, the facts indicate that it was Grafelman who resurrected the issue of standard work hours for employees in February 2009.  This is within 90 days of the issue of hours being resolved by mathematical formula proposed by Administrator Isaia, and the Court further notes that this resolution was reached only after intervention by Administrator Isaia.

This Court can find no legal basis requiring the Home to continue to accommodate Peterson in light of a legitimate business purpose for all employees to work standard hours. However, each case is decided on its own facts and here, the circumstances are that the Home had accommodated Peterson in terms of work hours and again accommodated her with the mathematical formula after her complaint to a state agency for age discrimination. As a result, a genuine issue of fact exists as to whether Grafelman's conduct and subsequent request in February 2009 to have all employees work standard hours, was due to a legitimate business purpose at the Home or whether she was trying to get rid of the plaintiff for filing the age discrimination complaint with the Illinois Department of Human Resources. It will be on this limited issue that the case proceeds.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment [11] is GRANTED IN PART and DENIED IN PART.  The limited issue remaining in this matter is now ready for final pretrial conference.

ENTERED this 30th day of November, 2012.


s/ James E. Shadid
James E. Shadid
Chief United States District Judge